**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jasper P. Rushing, | ) | No. CV 10-2126-PHX-RCB (DKD) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Unknown Party, | ) | |
| Defendant. | ) | |

Plaintiff Jasper P. Rushing, who is confined in Special Management Unit I of the Arizona State Prison Complex-Eyman, in Florence, Arizona, submitted a motion requesting a 90-day extension of time to file a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.)[1] Plaintiff states that his draft complaint and supporting documentation were taken from him by prison officials on September 10, 2010, and that he had a September 31, 2010 deadline to file the complaint. The Clerk of Court opened a civil case to facilitate consideration of this motion. The Clerk also issued a notice of assignment to Plaintiff on October 1, 2010. Plaintiff has not submitted a complaint on the court-approved form for use by a prisoner and he has not paid the $350.00 filing fee or filed an Application to Proceed *In Forma Pauperis*. On October 13, 2010, Plaintiff filed a letter in which he states that the Notice of Assignment was filed after the September 31, 2010 deadline, apparently referring to the two-year statute of limitation for commencing a § 1983 action. (Doc. 3.) Plaintiff re-urges his request for a

---

[1] "Doc." refers to the docket number of filings in this case.

1  90-day extension of time to file his complaint.

2  Plaintiff's motion will be denied and this action will be dismissed without prejudice.
3  As discussed below, to request relief from the Court, Plaintiff must first file a complaint,
4  using the court-approved form, and he must either pay the $350.00 filing fee or submit an
5  Application to Proceed *In Forma Pauperis*.  Further, a court cannot extend the statute of
6  limitation for filing an action.  However, as explained below, the statute of limitation may
7  be subject to tolling.

8  **I.     Payment of Filing Fee**

9  When bringing an action, a prisoner must either pay the $350.00 filing fee in a lump
10 sum or, if granted the privilege of proceeding *in forma pauperis*, pay the fee incrementally
11 as set forth in 28 U.S.C. § 1915(b)(1).  An application to proceed *in forma pauperis* requires
12 an affidavit of indigence and a *certified* copy of the inmate's trust account statement for the
13 six months preceding the filing of the Complaint.  28 U.S.C. § 1915(a)(2).  An inmate must
14 submit statements from each institution where he was confined during the six-month period.
15 Id.  To assist prisoners in meeting these requirements, the Court requires use of a form
16 application.  LRCiv 3.4(a).

17 If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an
18 initial partial filing fee of 20% of either the average monthly deposits or the average monthly
19 balance in Plaintiff's account, whichever is greater.  28 U.S.C. § 1915(b)(1).  An initial
20 partial filing fee will only be collected when funds exist.  28 U.S.C. § 1915(b)(4).  The
21 balance of the fee will be collected in monthly payments of 20% of the preceding month's
22 income credited to an inmate's account, each time the amount in the account exceeds $10.00.
23 28 U.S.C. § 1915(b)(2).

24 **II.    A Complaint Must Be Filed**

25 To invoke the jurisdiction of the federal courts, a litigant must satisfy the threshold
26 requirement imposed by Article III of the Constitution by presenting a live case or
27 controversy.  See e.g., Jackson v. California Dep't of Mental Health, 399 F.3d 1069, 1071

28

1  (9th Cir. 2005) (citing <u>Allen v. Wright</u>, 468 U.S. 737, 750 (1984)).  To satisfy the case or
2  controversy requirement for purposes of 42 U.S.C. § 1983, a prisoner must file a civil rights
3  complaint and allege facts to support that his civil rights have been violated by a defendant
4  acting under color of state law.  42 U.S.C. § 1983.  Local Rule of Civil Procedure (LRCiv)
5  3.4(a) provides that an incarcerated person *must* file a complaint on the court-approved form.
6  The form must be completely filled in to the extent applicable with all questions answered
7  clearly and concisely in the appropriate space on the form.  Further, the complaint, including
8  additional attached pages, may not exceed 15 pages.

9  In this case, Plaintiff has not filed a complaint.  Rather, Plaintiff seeks an extension
10  of the statute of limitation in which to file his § 1983 complaint.  A court cannot extend a
11  statute of limitation.  However, in some instances, the running of the statute of limitation may
12  be subject to tolling.

13  In § 1983 actions, the Court applies the statute of limitations of the forum state for
14  personal injury actions.  <u>Wilson v. Garcia</u>, 471 U.S. 261, 266, 274-76 (1985); <u>TwoRivers v.
15  Lewis</u>, 174 F.3d 987, 991 (9th Cir. 1999); <u>Vaughan v. Grijalva</u>, 927 F.2d 476, 478 (9th Cir.
16  1991).  The Arizona statute of limitations for personal injury actions is two years from the
17  date a claim accrues.  <u>See</u> A.R.S. § 12-542(1); <u>Madden-Tyler v. Maricopa County</u>, 943 P.2d
18  822, 824 (Ariz. Ct. App. 1997); <u>Vaughan</u>, 927 F.2d at 478.  "[A] claim generally accrues
19  when a plaintiff knows or has reason to know of the injury which is the basis of his action."
20  <u>Cabrera v. City of Huntington Park</u>, 159 F.3d 374, 379 (9th Cir. 1998).  The Court must also
21  apply any state rule for tolling to actions brought under § 1983.  <u>Hardin v. Straub</u>, 490 U.S.
22  536, 544 (1989); <u>TwoRivers</u>, 174 F.3d at 992.  Arizona provides for tolling of the statute of
23  limitation after a cause of action accrues for the period during which a plaintiff was less than
24  18 years old or of unsound mind.  A.R.S. § 12-502.

25  Prior to the filing of a complaint, the Court is unable to assess when any claim that
26  Plaintiff wishes to present accrued or whether any basis for tolling exists.  Accordingly, the
27  Court will deny Plaintiff's motion for extension of time and dismiss this case without
28  prejudice to Plaintiff commencing a new case by filing a complaint on the court-approved

1 form and either payment of the $350.00 filing fee or the submission of an Application to
2 Proceed *In Forma Pauperis*.

**IT IS ORDERED:**

(1)   Plaintiff's motion for a 90-day extension of time to file a complaint is **denied** and this action is **dismissed without prejudice** to commencing a new action by filing a complaint on the court-approved form and either paying the $350.00 filing fee or submitting an Application to Proceed *In Forma Pauperis*. (Doc. 1.)

(2)   The Clerk of Court must enter judgment accordingly.

DATED this 15th day of November, 2010.

_____
Robert C. Broomfield
Senior United States District Judge

- 4 -